UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DISABLED PATRIOTS OF
AMERICA, ET AL.,

           **Plaintiffs,**           **CIVIL ACTION NO. 04-CV-60258-DT**

      **vs.**           **DISTRICT JUDGE MARIANNE O. BATTANI**

**ROMULUS NIGHTS, INC..,**           **MAGISTRATE JUDGE MONA K. MAJZOUB**

         **Defendant.**
_____/

**REPORT AND RECOMMENDATION:**
**PLAINTIFFS' VERIFIED APPLICATION FOR ATTORNEYS'**
**FEES, COSTS, AND EXPERT'S FEES**

On November 23, 2004  Plaintiffs filed suit  alleging that Defendant  Romulus Nights Inc.,

owner of a Best Western Hotel, violated the Americans with Disabilities Act (ADA).  On May 17,

2005 the parties stipulated to the entry of a consent decree.  On May 23, 2005 Judge Battani entered

an order approving the consent decree.  Plaintiffs' Verified Application for Fees, Costs, and Expert's

Fees was filed on June 9, 2005.  Defendant filed its Answer on June 22, 2005.  Plaintiffs' Reply to

Defendants' Answer to Plaintiffs' Verified Application for Attorneys' Fees, Costs, and Expert's Fees

was filed on July 1, 2005.   On July 26, 2005 the matter was referred to the undersigned for final

determination pursuant to 28 U.S.C. § 636(c)(1).

Plaintiffs seek a total of $22,533.14 in attorneys' fees, expert fees, and costs.  Specifically,

Plaintiffs are asking for: $11,041.75 for attorney fees to Fuller, Fuller & Associates, P.A., Plaintiffs'

Miami counsel, and  Goren, Goren & Harris, P.C., Plaintiffs' local counsel; $6,125.00 in fees for

Plaintiffs' ADA compliance expert; $2066.39 in other costs associated with obtaining the consent

decree; $2,600.00 in attorneys fees to prepare for and appear at an anticipated evidentiary hearing; $700.00 for Plaintiffs' experts to prepare for and appear at the same evidentiary hearing. Plaintiffs' attorneys have submitted a detailed billing statement, and claim to have reasonably worked 32.35 hours in this case, and that the reasonable fee for their legal services is $325.00 an hour. Plaintiffs have also submitted a bill in support of their claimed total expert fees of $6,125.00, at an hourly rate of $175.00.

Defendant argues that an attorney fee award in these circumstances is discretionary, and that Defendant should be considered impecunious because it has lost money in each of the last several years. Defendant also argues that the hourly expert and attorney rates claimed by Plaintiff are higher than the going rate in the relevant community of Detroit, and that the bulk of the work done by Plaintiffs' attorneys and Plaintiffs' expert was repetitive, unnecessary, and unreasonably incurred.

## **JURISDICTION**

The instant matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Title 28 U.S.C. § 636(b)(1)(A) provides:

> A judge may designate a magistrate judge to hear and determine any *pretrial* matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment . . .

(emphasis added).

In *Massey v. City of Ferndale*, 7 F.3d 506, 509-510 (6th Cir. 1993), the court concluded that "motions for sanctions, fees and costs are not to be determined by a magistrate judge . . . because such post-dismissal motions are not 'pretrial matters' pending before the court." *See also Homico Constr. & Dev. Co., v. Ti-Bert Sys., Inc.*, 939 F.2d 392, 394 n.1 (6th Cir. 1991)("[The district court referred the motion of the defendant for attorney fees] to the magistrate 'for a report and

2

recommendation as to whether fees should be allowed, and if so, in what amount.'") We note that, as the consent decree has already been entered, this is not a pretrial matter and therefore this Court declines to "hear and determine" Plaintiff's application under section 636(b)(1)(A)", but instead issues the instant Report and Recommendation addressing Plaintiffs' Verified Application for Attorneys' Fees, Costs, and Expert's Fees. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## **RECOMMENDATION**

### I.   **ATTORNEYS' FEES**

42 U.S.C. § 12205, allows an ADA plaintiff to recover attorneys' fees if the Plaintiff is a "prevailing party":

> *In any action . . . commenced pursuant to this chapter, the court or agency in its discretion may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs[.]*

42 U.S.C. § 12205.

A plaintiff becomes a "prevailing party" when he or she is "awarded some relief" by the court and also achieves "an alteration in the legal relationship of the parties." *Habich v. City of Dearborn*, 331 F.3d 524 (6th Cir. 2003). Defendant does not contest that Plaintiffs are "prevailing parties" for purposes of this litigation. The dispute between the parties centers on what "reasonable" attorneys' fees are in this action.

In civil rights actions, Courts award attorney fee using the "lodestar" method, under which the Court determines the reasonable hourly rate for the provision of legal services, and multiplies that rate by the number of hours reasonably expended in connection with the action. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts consider a variety of factors when setting the fee. *Crosby v. Bowater, Inc. Retirement Plan for Salaried Employees of Great Northern Paper, Inc.*, 262

3

F. Supp. 2d 804 (W.D. Mich 2003) (enumerating twelve factors relevant to the determination of a fee award).

Generally, an attorney's customary billing rate is the starting point for calculating fees. *Kelley v. Metro. County Bd. of Educ.*, 773 F.2d 677, 683 (6th Cir. 1985) (en banc), *cert. denied* 474 U.S. 1083 (1986). When an attorney's customary rate is sharply at odds with the prevailing rate in the local market, Courts apply a rate equivalent to the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skill. *See Blum v. Stenson,* 465 U.S. 886 (1984) (finding that the reasonable hourly rate for lawyers working for a not for profit corporation was the prevailing market rate for the community at large); *Gaines v. Dougherty County Bd. of Educ.* 775 F.2d 1565 (11th Cir. 1985).

Plaintiffs claim their attorneys are entitled to $325 an hour for work performed as experienced ADA attorneys in the Eastern District of Michigan. Defendant argues that $165 would be a more reasonable hourly rate. Plaintiffs direct the Court's attention to fee awards in other ADA cases litigated by the attorneys representing Plaintiffs in this case. Plaintiffs place particular stress on a recent award in an ADA case litigated in this district, *Betancourt v. 3600 Centerpoint Parkway Investments, LLC*, No. 03-72868 (E.D. Mich. 2004).

Plaintiffs also cite several ADA decisions awarding attorney fees at $290 to $300 per hour, and other cases awarding fees of $275 an hour. Plaintiffs claim that there has been appreciable inflation in ADA attorney fee awards since these decisions were published. However, several of the cited decisions are quite recent, and Plaintiff has not provided any outside support for the notion that ADA attorney fees have substantially inflated in the past several years. *See e.g. Disabled Patriots v. Regency Centers, L.P.*, 04-CV-0419-RWS (N.D. Georgia 2005) (awarding fees of $300 an hour

4

for attorneys Lawrence Fuller and John Fuller).  In response, Defendant's argue that an hourly fee of $165 per hour is more  reasonable in this case.

The Court finds that $300 an hour is a reasonable rate for attorneys Lawrence Fuller, John Fuller, and Henry Langberg in this case.  After an examination of the various exhibits submitted by the parties, the Court concludes that Plaintiffs' attorneys  have reasonably and necessarily spent 31.6 hours obtaining the consent decree in this case, and 3.75 hours reasonably and necessarily  preparing the instant motion for fees and costs.  At an hourly rate of $300, Plaintiffs are entitled to recover $9480 in attorneys fees for obtaining the consent decree.

## II. Expert Fees

Plaintiff is also entitled to recover fees paid to an expert witness, Dave Pedraza.  42 U.S.C. § 12205 allows Plaintiff to recover reasonable fees paid to expert witnesses.  *Lovell v. Chandler*, 303 F.3d 1039, (9th Cir. 2002) *cert. denied,* 537 U.S. 1105 (2003).  Plaintiff claims to have paid its expert $6125 for 35 hours of work by an architect with expertise in ADA compliance.  Defendant claims that this is an unreasonable rate for ADA compliance work, and points out that  its expert performed an inspection of its property at a substantially lower hourly rate.  The Court assumes that architects charge widely varying rates for what appears to be  similar work, presumably because the quality of that work also varies widely among members of the profession.  The Court finds that Mr. Pedraza reasonably and necessarily spent 35 hours working in connection with this case, and reasonably and necessarily  charged $175 an hour for that work.  Plaintiffs are therefore entitled to recover $6125 in expert fees.

## III.  Costs

Plaintiffs seek to recover the$2066.39 in assorted phone bills, photocopying, and other costs they incurred in connection with this litigation. 42 U.S.C. §12205 allows an award covering costs reasonably incurred in connection with the litigation. As Plaintiffs' costs appear to be reasonable and necessary given the nature and complexity of this case, Plaintiff's may recover the full $2066.39 in costs.

## IV.    Post Consent Decree Fees and Costs

In their verified application for costs, Plaintiffs seek to recover attorneys fees for the 3.75 hours counsel spent preparing Plaintiffs' application. At the $300 hourly rate being applied in this case, Plaintiff's post consent decree fees total $1125. Plaintiff also state in their verified application for costs, that they anticipate incurring $3300 dollars in fees to prepare for and appear at an evidentiary hearing. As no evidentiary hearing has been held in this matter, Plaintiffs may not recover these projected costs.

The portion of the award of fees and costs attributable to preparing the application for attorneys fees in this case may not exceed 3% of the total award. *Coulter v. Tennessee*, 805 F.2d 146, 151(6th Cir. 1986). Having concluded above that Plaintiffs are entitled to a total of $17,671.39 in fees and costs for obtaining the consent decree,[1] Plaintiffs may not collect more than $546.53 for preparing the instant application for fees.

## <u>RECOMMENDATION</u>

Plaintiffs Verified Application for Attorneys' Fees, Costs and Expert's Fees should be **Granted in Part and Denied in Part**. Plaintiffs should be awarded $18,217.92 in costs and fees,

---

[1]$9480 (attorneys fees) + $ 6125 (expert fees) + $ 2066.39 (other costs)

6

$17,671.39 of which were reasonably and necessarily incurred in obtaining the consent decree and $546.53 of which were reasonably and necessarily incurred in bringing the instant application.

A party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: November 22, 2005          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: November 22, 2005          s/ Lisa C. Bartlett
                                   Courtroom Deputy

7